**WO**                                                                                           SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jimmy Haul,                                   )   No. CV 06-3019-PHX-SMM (LOA)
                                              )
       Petitioner,                    )   **ORDER**
                                              )
vs.                                           )
                                              )
Director Dora Schriro, et al.,                )
                                              )
       Respondents.                   )
_____               )

       Petitioner Jimmy Haul, who is confined in the Arizona State Prison-Aspen Unit, in Phoenix, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc.# 1.)[1] He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

**I.     Petition**

       On November 1, 2001, following the reversal of his conviction for first degree murder and first degree burglary, Petitioner pleaded no contest to second degree murder and second degree burglary in Maricopa County Superior Court, CR1994-007881, and was sentenced to a 25-year term of imprisonment. (Id. at 1.)[2] Petitioner's state petition for post-conviction

---

[1] "Doc.#" refers to the docket number of filings in this case.

[2] See www.courtminutes.maricopa.gov/docs/Criminal/112001/m0465006.pdf.

1 relief was denied on September 15, 2005 as failing to state a colorable claim for relief.[3]
2 Petitioner apparently did not seek review of that ruling and two subsequently filed petitions
3 for post-conviction review were summarily denied pursuant to Rule 32.2 of the Arizona
4 Rules of Criminal Procedure. The Arizona Court of Appeals denied a petition for review of
5 the second of these on January 2, 2007.[4]

6 Petitioner names Arizona Department of Corrections Director Dora Schriro and
7 Arizona Attorney General Terry Goddard as Respondents. Petitioner raises four grounds for
8 relief. In Counts I and II, Petitioner alleges ineffective assistance of counsel in connection
9 with the plea agreement, specifically a failure to raise the issue whether Petitioner was
10 competent to enter into the plea agreement, and the failure to present mitigation evidence,
11 to raise Petitioner's mental state at the time of the offense, and to litigate the voluntariness
12 of Petitioner's pretrial inculpatory statements. In Counts III and IV, Petitioner challenges
13 his competence to enter into the plea agreement and whether his plea was knowingly,
14 intelligently and/or voluntarily made.

15 It is unclear whether Petitioner has exhausted his claims. Even assuming that the
16 exhaustion requirement has not been met, it appears that any unexhausted claim may be
17 procedurally barred. In light of the possibility of procedural bar, a summary dismissal would
18 be inappropriate. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (remanding where
19 petitioner failed to exhaust claims and it was not clear whether the claims were procedurally
20 barred). Accordingly, an answer is required. 28 U.S.C. § 2254(a).

21 **II.    Warnings**
22     **A.    Address Changes**
23 Petitioner must file and serve a notice of a change of address in accordance with Rule
24 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other

---

[3] See www.courtminutes.maricopa.gov/docs/Criminal/092005/m1944626.pdf.

[4] See www.superiorcourt.maricopa.gov/docket/criminal/caseInfo.asp?caseNumber =CR1994-007881.

relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.     Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Petitioner must submit an additional copy of every filing for use by the Court. LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.     Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (doc.# 1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

1    (4)  This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to
2 Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a
3 report and recommendation.
4    DATED this 29th day of January, 2007.

_____
Stephen M. McNamee
United States District Judge